BELCHER, APPELLANT, *v.* CARTER ET AL., APPELLEES.

(No. 8464—Decided March 14, 1967.)

*Messrs. Dudnik, Komito, Nurenberg, Plevin, Dempsey & Jacobson* and *Messrs. Volkema, Redmond & Wolske,* for appellant.

*Messrs. Wright, Harlor, Morris, Arnold & Glander* and *Mr. James E. Pohlman,* for appellees.

DUFFEY, P. J. This is an appeal from an order of the Common Pleas Court of Franklin County dismissing the petition of plaintiff, appellant herein. The court ordered appellant to separately state and number the causes of action alleged. Upon appellant's decision to stand on his pleading as filed, the court ordered dismissal of the petition.

The second amended petition alleges a cause of action in malpractice against the appellees who are physicians. The alleged injury to appellant's wife arose out of X-ray treatment. The petition alleges overexposure and failure to check. It also alleges that appellees "failed to inform the plaintiff's wife of any risk or danger connected with the prescribed radiation treatment, and particularly any risk or danger of bodily lesion due to hypersensitivity to the X-rays to be administered * * *; and that neither the

plaintiff nor his wife consented to any risk or danger that was unknown to them; * * *." It further alleges "that by means of and in consequence of defendants having failed to inform the plaintiff's wife of any danger involved" she was injured.

It is appellant's contention that these allegations state a ground of negligence supporting a cause of action in malpractice. We agree. The doctor's failure to inform a patient may be a violation of due care.

It is appellees' contention that failure to inform may vitiate an apparent consent to a touching, sometimes referred to as a lack of informed consent. We agree. If a patient's consent to a touching is given without sufficient knowledge and understanding of the nature of the touching contemplated by the doctor, there may be no legal defense to battery based upon consent. The allegation of the second amended petition is broad enough to encompass such a lack of consent. Therefore, that petition does contain all the elements of an action in battery, and appellant could properly be required to separately state and number that cause of action. The pleading of that cause of action would not, of course, preclude appellant placing the same allegation in the malpractice cause of action as a ground for proof of negligence.

The appellant having failed to comply with a proper order of the court, the dismissal was justified, and appellant must commence his action anew within the special one-year statute of limitations.

The order of the Common Pleas Court will be affirmed.

*Judgment affirmed.*

DUFFY and TROOP, JJ., concur.